IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff

    v.

GEORGE ANTHONY DIGIORGIO-ALEGRE

    Defendant.

CRIMINAL NO. 07-009 (ADC)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING**

**I.     Procedural Background**

On January 10, 2007, defendant George Anthony Digiorgio-Alegre was charged in Counts One through Eleven in a multi-count indictment.  He agrees to plead guilty to Count One.

Count One charges that Mr. Digiorgio-Alegre, from on or about December 12, 2002 through on or about May 2, 2006, did knowingly devise a scheme and artifice to defraud Doral Bank, a federally insured financial institution, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Doral Bank, by means of false and fraudulent pretenses, representations, and promises, all in violation of Title 18, United States Code, Section 1344(2).

Defendant appeared before me on June 14, 2007, since the Rule 11 hearing was referred by the court.  See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). Defendant did not require the assistance of the court interpreter. He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

**USA v. George Anthony Digiorgio-Alegre,**                                          Page 2
**Cr. 07-009 (ADC)**
**Report and Recommendation Guilty Plea**

## II.   Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed. [1]
He was advised of his right to hold all proceedings, including the change of plea hearing, before a
district court judge.  He received an explanation of the differences between the scope of jurisdiction
and functions of a district judge and a magistrate judge.  He was informed that if he elects to proceed
before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report
and recommendation, subject to review and approval of the district judge.  The defendant then
voluntarily consented to proceed before a magistrate judge.

## III.   Procedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas
to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid
waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States
v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "Rule 11 was intended to ensure that a defendant
who pleads guilty does so with an 'understanding of the nature of the charge and consequences of
his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United
States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence
of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty
plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.   Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history
of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his
understanding of the purpose of the hearing, all in order to ascertain his capacity  to understand,
answer and comprehend the change of plea colloquy. The court confirmed that the defendant

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading
Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

received the indictment and fully discussed the charges with his counsel, Assistant Federal Public Defender Víctor González-Bothwell, and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Digiorgio-Alegre was competent to plead and fully aware of the purpose of the hearing.

### B.      Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely:   a term of imprisonment of not more than 30 years, and a fine of not more than $1,000,000.00, or both.   The defendant also understood he could be sentenced to a term of supervised release of not more than five years and that a Special Monetary Assessment of $100.00 would be imposed to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties for Count One and the potential consequences of the guilty plea.

### C.      Plea Agreement

Mr. Digiorgio-Alegre was shown the document titled "Plea Agreement", which is part of the record, and identified his initials on each page and his signature on pages 9, 10 and 11. He confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before he signed it, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the plea agreement are merely recommendations to the court, and

**USA v. George Anthony Digiorgio-Alegre,**                                 Page 4
**Cr. 07-009 (ADC)**
**Report and Recommendation Guilty Plea**

that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear at pages four through five of the Plea Agreement, and were explained in open court. In particular, the agreed upon Base Offense Level ("BOL") is seven pursuant to U.S.S.G. §2B1.1(a)(1); pursuant to U.S.S.G. 2B1.1(b)(1)(H) a fourteen-level increase is agreed because of the loss of money involved in the offense; pursuant to U.S.S.G. 2B1.1(b)(13) a two-level increase is agreed because of the amount of money derived in gross receipts from a financial institution; pursuant to U.S.S.G. §3E1.1(a), a decrease of three levels is agreed for acceptance of responsibility. The United States and the defendant agree that they will not seek further adjustments or departures to the defendant's base offense level. The United States recommends that the defendant be sentenced at the lower end of the guidelines as long as his Criminal History Category remains at One. No stipulation was made as to Criminal History Category. The defendant confirmed that these were the sentencing recommendations he agreed to with the government. The government will move for dismissal of the remaining Counts (Two through Eleven) at sentencing.

The defendant was specifically informed that the sentencing calculations contained in the Plea Agreement were not binding for the sentencing court, but were only estimates of possible terms of his sentence, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the Plea Agreement or provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

**USA v. George Anthony Digiorgio-Alegre,**                                    Page 5
**Cr. 07-009 (ADC)**
**Report and Recommendation Guilty Plea**

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agrees to waive his right to appeal the judgement and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

### D.     Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.  He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained. The defendant's attorney attested that he explained these rights to his client and believed that the defendant understood the explanations.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served.  Defendant was additionally informed that a pre-sentence  report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to  correct or object to any information contained in the report which

**USA v. George Anthony Digiorgio-Alegre,**                                        Page 6
**Cr. 07-009 (ADC)**
**Report and Recommendation Guilty Plea**

was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm.  The defendant confirmed that he understood these consequences of his guilty plea.

### E.       Factual Basis for the Guilty Plea

The court explained Count One of the indictment in open court and explained the elements of the offense and the meaning of terms used in the indictment.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.   The defendant was able to understand this explanation and agreed with and admitted to the government's submission as to the evidence which could have been presented at trial. Upon questioning from the court, the defendant specifically admitted that he was an employee of Diebold Incorporated ("Diebold"), that, without authority from Diebold, he opened an account in Diebold's name at the Doral Bank, that he deposited into the account approximately $6,860,627.00 in checks and wire transfers from Diebold's customers, and that he withdrew from that account approximately $904,919.89 for his exclusive use and benefit.

### F.       Voluntariness

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea.  He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement.   Throughout the hearing defendant was able to consult with his attorney.

## IV.     Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each

**USA v. George Anthony Digiorgio-Alegre,**                                                        Page 7
**Cr. 07-009 (ADC)**
**Report and Recommendation Guilty Plea**

of the subject matters mentioned in Rule 11, I find that the defendant, George Anthony Digiorgio-Alegre, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.   Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

A sentencing hearing will be set by the presiding district judge.

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 20th day of June, 2007.


                                        s/Bruce J. McGiverin
                                        BRUCE J. McGIVERIN
                                        United States Magistrate Judge